STATE OF VERMONT
ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Marcelino Waste Facility | } | Docket No. 44-2-07 Vtec |
| (Appeal from Act 250 JO #4-205, 2nd Recons.) | } | |
| | } | |

## Additional Decision on Motion to Reconsider Dismissal

On January 28, 2008, this Court issued its Decision on Appellant's motion to reconsider our decision to dismiss the pending appeal, determining that Appellant has failed to provide a sufficient showing that it had a particularized interest that was sufficient to allow Appellant to have standing to maintain this appeal. In re: Marcelino Waste Facility, Docket No. 44-2-07 Vtec (Vt. Envtl. Ct. Jan. 28, 2008) ("January 28th Decision"). In the January 28th Decision, the Court offered Appellant the further opportunity to supplement its showing that it had sufficient standing. Appellant did so by filing a supplemental affidavit. We therefore now revisit the central issue of whether Appellant has made a sufficient showing that it seeks review of the project's impact on an interest particular to Appellant, such that Appellant should be allowed to continue its prosecution of this Act 250 jurisdictional opinion appeal.

As noted in our earlier decisions, this matter concerns a jurisdictional opinion issued by the District #4 Environmental Commission Coordinator ("District Coordinator"), concerning the need for a new Act 250 permit for the A. Marcelino & Company Facility ("Marcelino Facility"), a pre-existing recycling facility in South Burlington, Vermont. Ranger Asphalt and Concrete Processing, Inc. ("Appellant") first requested the jurisdictional opinion and then appealed the District Coordinator's second reconsideration of that jurisdictional opinion, dated January 23, 2007, in which the District Coordinator announced his determination that the improvements to the already-existing Marcelino Facility did not constitute new development so as to trigger Act 250 jurisdiction. The owners of the Marcelino Facility ("Marcelino") thereafter filed with this Court a motion to dismiss Ranger's appeal, which this Court initially denied in a decision dated May 30, 2007. This Court ultimately reconsidered that determination and, on November 6, 2007, announced its determination that Ranger's appeal should be dismissed.

On November 30, 2007, Appellant filed its request that the Court reconsider its dismissal of Ranger's appeal. Marcelino filed a memorandum in opposition; the parties thereafter filed competing reply memoranda. As a consequence of those filings, the Court announced in its

January 28th Decision that Appellant had failed to articulate the minimum facts necessary to show that it had standing to appeal the challenged jurisdictional opinion and therefore declined to vacate its Decision and Judgment Order of November 6, 2007. In light of Appellant's most recent filing, we again revisit our determinations.

## Discussion

The supplemental affidavit Appellant filed from its principal, Robert Mazza, includes forty-five separate, single-spaced paragraphs on seven pages; it goes into great detail concerning Mr. and Mrs. Mazza's efforts, through their company, Ranger Asphalt, to abide by the Chittenden County Regional Plan and the Chittenden County Solid Waste Management Plan. Mr. Mazza accuses Marcelino of violating the Regional Plan and the Solid Waste Management Plan; many of his accusations, if true, could bring about serious and substantial impacts upon lands and environments adjacent to the Marcelino plant. We have no means in this proceeding to doubt the sincerity and veracity of Mr. Mazza's representations. However, his most recently-filed affidavit has brought no more facts to light that relate to the standing requirements announced in our prior Decisions. We therefore, again, decline to vacate our Decision and Judgment Order of November 6, 2007.

We continue to conclude that the applicable law requires one who wishes to appeal an adverse Act 250 District Coordinator jurisdictional opinion to have standing to maintain that appeal. To have standing, the purported appellant "must specify (1) an injury; (2) to a particularized (i.e., not generalized) interest protected by Act 250; (3) that is impacted by the proceedings appealed from; and (4) that this Court can redress." January 28th Decision at 3, citing 10 V.S.A. § 8502(7). While we commend Mr. Mazza for the obvious extra effort made in elaborating his concerns, his newest affidavit provides no new facts or assertions that satisfy this standing requirement.

In this newest affidavit, filed with the Court on February 13, 2008, Mr. Mazza grieves what he perceives to be Marcelino's generalized avoidance of the Act 250 permitting process. He does not dispute that the Marcelino Facilities pre-date the adoption of the Vermont Land Use laws (commonly known as Act 250; codified in 10 V.S.A., chapter 151).[*] He makes no reference in any affidavit to the specific acts alleged to have occurred on the Marcelino site—a

---

[*] The Marcelino Facility is what once was the Burlington Landfill, established in the 1960's. Marcelino has operated the Facility since 1992 pursuant to a lease with the City. See District #4 Coordinator Jurisdictional Opinion #4-205 (first reconsideration), dated November 3, 2006.

power line and a small shack, since removed—that were determined to not be significant enough to trigger Act 250 jurisdiction. Thus, the very acts which would have been the subject of an Act 250 permit application, if Marcelino was found to be required to file such an application, are no where specifically referenced by Mr. Mazza. We continue to be left to wonder what action of Marcelino, over which the Court would have authority to grant relief in this proceeding or a subsequent application proceeding, has caused a specific harm to Ranger Asphalt that is particular to it. Appellant has again failed to show such a specific, particularized injury.

We again wish to emphasize that we have no basis for doubting the sincerity with which Appellant has referenced actions, perhaps in violation of the Regional Plan, which may cause some measurable injury. But the injury asserted by Appellant is a shared concern, not particular to Appellant. Appellant has yet to show an injury that this Court could address in these specific proceedings. As noted in <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83 (1998), a general desire to see that land use laws are properly enforced, while valiant, is not itself an injury that this Court could redress in the pending appeal. <u>Id</u> at 107.

The concerns expressed on behalf of Appellant here are not unlike the concerns expressed by Mr. Hendricks in the former Environmental Board decision entitled <u>Re: Putney Paper Company, Inc.</u>, Declaratory Ruling Request #335, Findings of Fact, Conclusions of Law, and Order (Vt. Envtl. Bd., May 29, 1997), where the Board concluded that because Mr. Hendricks's interests were not affected by the specific jurisdictional opinion that was then under appeal, he did not have standing to maintain the appeal. <u>Id</u>. at 5-6. Appellant's showing here has no more specificity of a particularized interest than that put forth by Mr. Hendricks in <u>Putney Paper</u>.

We see no need to further analyze the legal issues addressed in our January 28th Decision. However, as we revisit these issues, we are again reminded of the long established foundation for the principles of standing articulated in our January 28th Decision by a reading of <u>Parker v. Town of Milton</u>, 169 Vt. 74 (1999). The <u>Parker</u> case was initiated by Milton residents who had concerns about plans to build a bridge to serve Husky Injection Moldings. The Supreme Court affirmed the trial court's dismissal of the plaintiffs' action. In addressing the necessity that a plaintiff have standing to maintain a specific lawsuit, the Supreme Court referenced constitutional limitations: "'The judicial power, as conferred by the Constitution of this State upon this Court, is the same as that given to the Federal Supreme Court by the United States

Constitution; that is, the right to determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction.'" Id. at 77 (quoting In re Constitutionality of House Bill 88, 115 Vt. 524, 529 (1949)).

We repeat that Appellant here lacks standing to maintain this jurisdictional opinion appeal. We reach this conclusion for the same reasons articulated in our prior decisions. We conclude that Appellant has failed to show the existence of an actual controversy, over which this Court has authority to adjudicate in the proceeding now under appeal.

## Conclusion

For the reasons stated above, this Court declines to vacate its Decision and Judgment Order of November 6, 2007. Those entries remain final. This concludes the current proceedings before this Court.

Done at Newfane, Vermont this 21st day of March, 2008.

_____
Thomas S. Durkin, Environmental Judge